IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-99-373 |
| § | CIVIL ACTION NO. H-02-3861 |
| YUNG-MING CHEN § | |
| § | |
| Defendant-Movant § | |

**MEMORANDUM AND RECOMMENDATION
DENYING DEFENDANT'S MOTION FROM RELIEF FROM
JUDGMENT AND DISMISSING DEFENDANT'S PETITION**

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is Movant Yung-Ming Chen's second § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 183), which is captioned as a "Petitioner's Pro Se Motion for Relief Under the 'Any Other Reason Clause' of Rule 60(b)(6) Fed.R.Civ.P. Challenging the Integrity of his Previous § 2255", the United States' Response thereto (Document No. 188), and Movant's Response in Opposition to Government's Response (Document No. 189). After reviewing the motions, the responses, the record of the proceedings before the District Court in the underlying criminal case, and on appeal, his earlier attempt at federal post conviction relief, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Movant Yung-Ming Chen's Motion for Relief from Final Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(6) (Document No. 183) be DENIED and that this, his second § 2255 Motion to Vacate, Set Aside or Correct Sentence, be DISMISSED WITHOUT PREJUDICE.

**I.       Procedural History**

Movant, Yung-Ming Chen ("Chen"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Chen's second attempt at § 2255 relief.

On July 28, 1999, Chen and two others were charged by superseding Indictment with alien smuggling. In particular, Chen was charged with two counts of transporting or moving an alien within the United States and aiding and abetting the same, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and 18 U.S.C. § 2 (counts one and two), with four counts of concealing, harboring and shielding from detection an alien, and aiding and abetting the same, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and 18 U.S.C. § 2 (counts three through six); and two counts of hostage taking, in violation of 18 U.S.C. § 1203 (counts 7 and 8) (Document No. 8). On the eve of a jury trial, Chen pleaded guilty to count 8, hostage taking, pursuant to a written plea agreement, on September 30, 1999. (Document No. 41). Pursuant to the written plea agreement, Chen waived his right to appeal or collaterally challenge his conviction and sentence unless he was sentenced to life imprisonment, and he agreed not to contest deportation. The United States agreed to dismiss the remaining counts charged in the Superseding Indictment; not to further prosecute Chen in the Southern District of Texas for criminal offenses arising from the charges set forth in the Superseding Indictment; and if Chen provided substantial assistance, to move for a downward sentencing departure. (Document No. 42). The written plea agreement was explicit with respect to the waiver of the right to appeal and to pursue collateral relief. The written Plea Agreement provides in pertinent part:

11. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, the defendant waives the right to appeal the sentence (or the manner in which it was determined), except where the court imposes a life sentence. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 742(b).

12. The defendant is also aware that the United States Constitution and laws of the United States, including Title 28, United States Code, Section 2255, may afford the defendant the right to contest or "collaterally attack" his conviction after that conviction has become final. Knowing that, the defendant waives the right to contest or "collaterally attack" his conviction by means of any post-conviction proceeding.

13. In agreeing to this waiver, the defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines, to include Rule 410 "off the record" discussions of possible offense level of categories that the defendant may have received from the defendant's counsel, the United States or the Probation Office is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Realizing the uncertainty in estimating what sentence the defendant will ultimately receive, the defendant knowingly waives the right to appeal the sentence in exchange for the concessions made by the United States in this plea agreement. (Document No. 42).

The record further reflects that at Chen's September 30, 1999, Rearraignment Judge Harmon engaged in an extended colloquy to ensure that Chen understood the charge against him, the maximum penalties, the rights he was waiving, and the factual basis of the plea. Also, Chen was advised that his sentence could not be determined until a PSR was completed, that the written Plea Agreement was binding on the parties, but not the Court, and that Chen could not withdraw his guilty plea if he did not like the sentence imposed. For example:

> The Court: Have you had an opportunity to have someone read to you and translate for you the complete terms of the written plea agreement?
>
> The Defendant: Yes.

The Court: The agreement itself is in English. And I want to be sure that since your English is limited, I suppose – or maybe nonexistent, I don't know — that you understand what that written plea agreement says.

The Defendant: Yes.

The Court: You understand?

The Defendant: I understand.

        *              *

The Court: All right. Now, let's talk about what the actual prison time and other penalties you are facing as a result of your plea of guilty this morning. All right. You are pleading guilty to Count 8 of the Indictment. And that crime is called hostage taking. And the penalty for that crime is imprisonment of up to life and/or a fine not to exceed $250,000.

The Interpreter: Can you repeat that?

The Court: What do you want?

The Interpreter: The punishment.

The Court: The punishment. Imprisonment of up to life and/or a fine not to exceed $250,000. Also, as part of the punishment, it is provided that after prison, there would up to a maximum of five years of supervised release. And along with that supervised release, there would be conditions of supervised release which you would have to follow. If you failed to follow those, you would be put back into prison for some period of time in addition to what you have already served. Do you understand that?

The Defendant: I know.

        *              *

The Court: Do you understand that it may be that after the — at the conclusion of the sentencing hearing that we just talked about, I may impose a sentence on you, I may give you a sentence that is heavier or more severe than the one that you and Ms. Sarafa may have estimated that you might have received – that you might receive.

The Defendant: I understand.

4

>The Court: All right. And if my sentence is more severe than the one you are expecting, you will not be given an opportunity to withdraw your plea of guilty. Do you understand that?
>
>The Defendant: I understand. (Transcript of Rearraignment Hearing, Document No. 138).

On October 13, 1999, Judge Harmon received a letter from Chen requesting a hearing to "start over" because he did not understand the charges against him. (Document No. 46). In particular, Chen stated that he did not knowingly plead guilty, and that he just followed what his attorney told him to say. That hearing was held on October 15, 1999, and Chen ultimately concluded that he did not want to withdraw his guilty plea. (Document No. 47). With respect to Chen's allegations that he did not understand the proceedings and was told to agree with the prompts from his attorney, the following exchange took place between Judge Harmon and Chen:

>The Court: Now, you have said in this letter, one of your letters or both of your letters, actually, that you were not telling the truth on September the 30th, and you told me some things, you signed your name to the document under oath, and you pled guilty to the charges that were brought against you.
>
>And in your letters you said, one of your letters, you said that your lawyer told you to lie to me, which is very serious. It's a serious accusation; and I, I'm puzzled by why you and – why you would write me these letters saying that you were lying to me on September 30th, and now are saying, I guess, that you weren't lying, that you still want to plead guilty. Can you explain that to me?
>
>The Interpreter: He said he pled guilty to probably ten years or less. It's not the same.
>
>The Court: Okay. But you don't remember that I asked you, I told you about how the sentencing guidelines work and about how nobody at this point knew what your sentence will be?
>
>The Interpreter: He says that's what he understands from the previous attorney.
>
>The Court: Well, okay, but I remember very distinctly at one point you asked me: What am I going to get? And I told you that I don't know what you are going to get.

5

> The Interpreter  He remembered what you were saying, what his attorney was saying so he understands that part.
>
> \*             \*
>
> The Court:  So I need to ask you, are you still telling me that Ms. Sarafa told you to lie to me under oath on September the 30th?
>
> The Interpreter:  No.
>
> The Court:  Now, to put your letters in the best light, it might be fair to say that you, although you understood some of what happened on that day, you may not have understood everything that happened?
>
> The Interpreter:  Yes.
>
> The Court:  You have had now quite a long time to confer with ... your new attorney, with the interpreter.  Has that enabled you to understand everything that's happening to you at this point or has happened to you at this point with regard to your plea of guilty?
>
> The Interpreter:  Before he don't understand.  Now he fully understands.
>
> The Court:  So based upon your new understanding, your full understanding, you are now saying to me that you wish to continue to plead guilty in the case?
>
> The Interpreter:  Yes.  (Transcript of Hearing, Document No. 144, pp. 6-8).

Both Chen and the United States filed objections to the PSR, (Document Nos. 100, 107). On February 2, 2000, Chen was sentenced to 327 months' imprisonment, to be followed by a 5 year term of supervised release.  In addition, Chen was ordered to pay $98,662 in restitution, a special assessment of $100, and a fine of $100,000.  (Document No. 109).  Judgment was entered on February 18, 2000.  (Document No. 112).  Thereafter, Chen filed a *pro se* notice of appeal (Document No. 116), in which he claimed (1) the district court's appointment of an interpreter, who was not qualified in Taiwan-Mandarin Chinese, violated his due process rights; (2) the district court erred in accepting his guilty plea pursuant to Fed.R.Crim.P. 11(c)(1); (3) 18 U.S.C. § 1203 (hostage

taking) was unconstitutional; (4) the court's sentencing enhancements under U.S.S.G. §§ 2A4.1(b)(2), 2A4.1(4)(B), 2A4.1(b)(5), and 3B1.1(b) were unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (5) the district court violated Fed.R.Crim.P. 32 by not making explicit findings as to his ability to pay the court's imposed fine (Document No. 164, Appendix A). The Fifth Circuit Court of Appeals dismissed Chen's appeal as "frivolous" on February 26, 2001. (Document No. 152). On April 30, 2001, Chen filed a petition for writ of certiorari with the United States Supreme Court, which was denied on October 15, 2001. (Document Nos. 152, 154).

On October 11, 2002, Chen, with the assistance of counsel, filed his first § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Document No. 158). Chen, through his § 2255, argued that his plea was not knowing and voluntary. According to Chen, he was unable to communicate effectively with his attorney, who had a limited knowledge of Taiwanese, and that he pleaded guilty because his attorney instructed him to say "yes to everything." Chen further argued that he did not understand that he was subject to a maximum term of imprisonment beyond ten years because the interpreter did not convey the admonishments to him in a dialect that Chen understood, and that he was under the impression that he was subject to a maximum term of imprisonment of ten years or less. According to Chen, had he known that he could be sentenced to more than ten years imprisonment, he would not have pleaded guilty. (Document No. 158). The Government opposed Chen's motion. (Document No. 164). On July 9, 2003, the undersigned Magistrate Judge filed a Memorandum and Recommendation that recommended that Chen's § 2255 motion be denied. (Document No. 165). Judge Harmon adopted in full the Memorandum and Recommendation on June 20, 2005, and an Order of Dismissal was entered on June 22, 2005. (Document No. 176).

The docket sheet reveals that in a letter dated February 26, 2006, Chen stated that he had not received a copy of the Court's June 20, 2005, ruling (Document No. 179), and on December 4, 2006, he wrote a letter which inquired about the status of his § 2255 motion. (Document No. 181). The Clerk's office mailed Chen a copy of the Memorandum and Order and Order on December 11, 2006. On May 22, 2007, Chen requested a copy of the docket sheet, which was mailed to him by the Clerk's office. (Document No. 182).

On September 17, 2007, Chen filed the instant motion Rule 60(b)(6) motion, in which he argues that he was denied ineffective assistance of counsel in his collateral attack, and challenges his conviction, namely, that his guilty plea was involuntary because the court interpreter did not speak the same Chinese dialect as he did. The gist of Chen's motion follows:

> It is not so much the communication barrier that is so troubling, but the manner in which Chen's complete inability to understand the proceedings against him, has caused him to be the subject of a severely increased sentence, far beyond the scope of what he was led to believe he would be held culpable for by pleading guilty. Chen has been sentenced to 327 months (27 years and 3 months) imprisonment, for his first and only time in prison, although he was led to believe he would be pleading guilty to 120 months (10 years) of imprisonment, for which he already thought to be draconian. (Document No. 183, p. 9). *See also* (Document No. 183, p. 15, and Document No. 189, 1-3).

The United States has moved to dismiss Chen's Motion for Relief pursuant to Rule 60(b)(6) on the ground that regardless of Chen's characterization of his claims, he is in fact attacking the validity of his conviction, and as such, Chen's motion is a successive § 2255 motion and should be dismissed for want of jurisdiction because Chen has not sought leave to file a successive § 2255 motion from the Fifth Circuit Court of Appeals.

**II. Chen's Section 2255 motion is successive**

Rule 60(b) of the Federal Rules of Civil Procedure provides for the setting aside of a civil order or a civil judgment as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason the justifies relief.

While the rule does not apply to criminal judgments, it may apply to civil judgments entered in post-conviction § 2255 proceedings. *See Gonzalez v. Crosby*, 125 S.Ct. 2641, 2651 (2005) ("[W]hen a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion should be considered as a Rule 60(b) motion and not a successive motion under 28 U.S.C. § 2255.") *Id.* at 2648. Here, Chen captions the instant motion as a "Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(6)" and argues that he is attacking a defect in the integrity of the federal habeas proceedings. However, because Chen attacks the district court's resolution of his claims on the merits by raising arguments previously raised in his § 2255 motion, he therefore

9

challenges the validity of his conviction, and *not* the integrity of his prior § 2255 proceeding. As such, Rule 60(b)(6) is not applicable and his motion is properly construed as a Section 2255 Motion to Vacate, Set Aside, or Correct. *See United States v. Rich*, 151 F.3d 550, 552 (5th Cir. 1998) (holding that district courts may treat a federal prisoner's Rule 60(b) attack on a denial of a Section 2255 motion as a Section 2255 motion when it attacks the validity of the prisoner's conviction), *cert. denied,* 526 U.S. 1011 (1999).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 to provide that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Of significance for the instant action, AEDPA further amended 28 U.S.C. § 2244 to provide that:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Pursuant to 28 U.S.C. § 2244(3)(A), Chen must first obtain authorization from the Fifth Circuit before this Court has jurisdiction to entertain Chen's successive § 2255 motion. *See United States v. Orozco-Ramirez,* 211 F.3d 862 (5th Cir. 2000); *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley,* 187 F.3d 680, 681-82 (5th Cir. 1999); *United States v. Rich,* 141 F.3d 550, 554 (5th Cir. 1998), *cert. denied,* 526 U.S. 1011 (1999). Here, Chen filed his second federal habeas motion without first obtaining Fifth Circuit authorization to do so. As a result, until Chen obtains the

Fifth Circuit's approval to file another federal habeas motion, this Court lacks jurisdiction over the instant action, and it should therefore, be dismissed without prejudice.

### III.     Conclusion and Recommendation

Based on the foregoing, the Magistrate Judge

RECOMMENDS that Movant Yung-Ming Chen's Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(6) be DENIED, and that this proceeding, construed as a § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 183) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77028.

Signed at Houston, Texas, this 17th  day of  April, 2008.

_Frances H. Stacy_
Frances H. Stacy
United States Magistrate Judge