IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, } | |
| } | |
| Plaintiff-Respondent, } | |
| } | |
| v. } | CRIMINAL ACTION NO. H-99-373 |
| } | CIVIL ACTION NO. H-02-3861 |
| YUNG-MING CHEN, } | |
| } | |
| Defendant-Movant } | |

**OPINION AND ORDER**

Presently before the Court are Movant Yung-Ming Chen's ("Chen's") second 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. 183), which is captioned as "Petitioner's Pro Se Motion for Relief Under the 'Any Other Reason Clause' of Rule 60(b)(6) Fed.R.Civ.P. Challenging the Integrity of his Previous § 2255"; the government's response (Doc. 188); Chen's response in opposition to the government's response (Doc. 189), Magistrate Judge Stacy's Memorandum and Recommendation (Doc. 190), recommending that Chen's Rule 60(b)(6) Motion be denied and, as a successive § 2255 proceeding, be dismissed without prejudice; and Chen's objection to Judge Stacy's Memorandum and Recommendation (Doc. 191).

Chen objects to the Judge Stacy's conclusion that his Rule 60(b)(6) Motion is a successive motion under 28 U.S.C. § 2255. Judge Stacy found that although Chen captioned and characterized his motion as a Rule 60(b)(6) challenge, his motion really attacked the validity of his conviction, not the integrity of his prior § 2255 proceeding. Chen argues that he has challenged the integrity of the prior § 2255 proceeding because his habeas counsel was ineffective in presenting his claims. The Court overrules Chen's objections and adopts Judge Stacy's Memorandum and Recommendation in full. Chen has merely reasserted, under the guise of an ineffective assistance of counsel claim, claims of error that were raised in the prior habeas proceeding. Chen's true challenge is to the merits of the Court's prior resolution of his prior habeas claim and, as such, to the validity of his

conviction. Rule 60(b)(6) is inapplicable, and Chen's Motion is properly construed as a successive § 2255 Motion to Vacate, Set Aside or Correct. *See United States v. Rich*, 151 F.3d 550, 552 (5th Cir. 1998). Chen must first obtain authorization from the Fifth Circuit before this Court has jurisdiction to hear this successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(A).

Accordingly, the Court ORDERS that "Petitioner's Pro Se Motion for Relief Under the 'Any Other Reason Clause' of Rule 60(b)(6) Fed.R.Civ.P. Challenging the Integrity of his Previous § 2255" (Doc. 183) is DENIED. This proceeding, construed as a successive § 2255 Motion to Vacate, Set Aside or Correct Sentence, is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

SIGNED at Houston, Texas, this 19th day of August, 2008.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE